Mr. Justice Thacher
delivered the opinion of the court.
This is an action of assumpsit upon a bill of exchange against the acceptor, Gwin, and the other parties to the bill. Gwin filed his demurrer to the declaration, stating for ground, that he, being the acceptor of the bill, was, under the statute, improperly sued in the action, jointly with the others liable on the bill. The demurrer, after having been sustained, was reconsidered by the court below at the same term and overruled, the suit dismissed as to the other defendants, and judgment entered against Gwin as for failing to take steps to file a plea. In the record there are found the plea of non-assumpsit and several special pleas for Gwin, and another defendant. The precise time, or the circumstances under which these pleas were filed, do not appear, but it is manifest that they were filed before the judgment was rendered upon the demurrer, because at the time when that judgment was rendered, the action was dismissed as to Gwin’s co-defendant, who also is united with him in the pleas. The pleas were.therefore on file at the time of the consideration of the demurrer, and the strong presumption also is, that the pleas and the demurrer were filed simultaneously. Now, it is not permitted both to plead and demur to the same matter, lest an issue in fact and an issue at law, in respect of a single subject, should be produced. The issues are incongruous, because a demurrer merely assigns reasons for not pleading, and is not considered a plea. Steph. Pl. 279 ; Gould Pl. 436. Generally, double pleading, when not warranted by statute, being but a fault in form, can be taken advantage of by special demurrer. But, in a case like this, since a demurrer cannot be filed to a demurrer, perhaps it would have been competent for the plaintiff below to have even disregarded both demurrer and pleas, and claimed a judgment. It is a rule, that a plea of higher dignity is a waiver or renunciation of all pleas *324 of a kind prior in a series. This rule, however, applies to a series of legitimate pleas, and not in cases of double pleading; and even in these cases, if an issue in fact be taken upon any plea, the judgment on such issue either terminates or suspends the action, so that the party cannot resort to any other kind of plea. In the case before us, the plaintiff below accepted the demurrer by joining issue upon it, and disregarded the pleas. The defendant below elected to proceed upon his demurrer rather than upon his pleas, as the result of the judgment then proves. We can see no objection to this course, for even if both parties had remained silent, and made no election, it might have been competent for- the court to have passed upon the question of law addressed to it by the demurrer. At all events, this case presents the peculiarity of a party seeking to take advantage of his own error.
It remains, then, to determine the propriety of the judgment overruling the demurrer. The action was instituted under the act of May 13th, 1837, entitled “ an act to amend the laws respecting suits to be brought against indorsers of promissory notes.” It was insisted by the demurrer, that this act does not extend to the acceptors of bills of exchange. The plain design, of the act was to prevent a multiplicity of suits, and the consequent accumulation of costs. The second section of the act provides, that “ in all cases where any drawer, acceptor, or indorser shall have died before the commencement of the suit, a separate action may be brought against the representatives of such drawers, indorsers, or acceptors.” The sixth section provides, that “it shall be the duty of the sheriff, in all cases, to make the money on executions out of the drawer or drawers, acceptor or acceptors,” if possible, before a resort is had to the property of the indorsers or sureties. It is clear, that it was the intention to include acceptors, as well as drawers and indorsers of a bill, and that all must be sued jointly. The whole body of an act must be looked to, in order to obtain its whole scope and intent.
The judgment is therefore affirmed.